IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHERMAN D. ARGENBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:22-cv-00119 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Sherman Argenbright, proceeding pro se, filed a warrant in debt in Roanoke City General District Court, alleging that Margaret Garber, the Assistant United States Trustee in the Roanoke office of Region 4 of the United States Trustee Program, assisted Roanoke lawyers to engage in fraud. (Dkt. No. 1-1.) Garber removed the case to this court pursuant to 28 U.S.C. §§ 1442(a) and 1446(a) (Dkt. No. 1), and the United States filed a motion to substitute itself as the sole defendant and dismiss the action against Garber pursuant to the Westfall Act (Dkt. No. 2), which this court granted (Dkt. No. 8).

This case is now before the court on the government's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (Dkt. No. 15.) A hearing is not necessary to resolve the government's motion. As discussed in more detail below, because the court lacks jurisdiction over this action, the government's motion will be granted and this action will be dismissed without prejudice.

I. BACKGROUND

Argenbright's warrant in debt alleges that Garber "has a biased opinion and used it to help Gordon Shapiro, Victor Skaff & Andrew Scott Goldstein commit fraud upon the court."

(Dkt. No. 1-1.) His allegations pertain to unpaid taxes on a salon business he once owned with his ex-wife, Mary Nelson, and a subsequent failed bankruptcy relating to the salon business. Argenbright asserts that non-federal actors—such as Goldstein (his former lawyer) and Nelson—conspired to commit fraud in connection with the failed bankruptcy. (Dkt. No. 12 at 7.) Among other federal and state actors, Argenbright alleges that the United States Trustee Program "sign[ed] off on all fraud," "pass[ed] on information to other defendants in lawsuits to help protect them in these crimes," and encouraged Goldstein to commit fraud. (*Id.* 10, 13.) Argenbright maintains that Garber, acting in her official capacity at the United States Trustee Program, worked with state commonwealth attorneys and police inspectors, the Roanoke City Police, the FBI, and the DHS to "allow embezzlement, fraud, conspiracy to commit fraud, lying to police, [and] lying in court." (*Id.* 11.)

From January to March 2022, Argenbright filed 24 warrants in debt in Roanoke City General District Court against Garber, Goldstein, and others; with the exception of this suit against Garber, each of those warrants in debt has been dismissed. *See, e.g.*, *Argenbright v. Goldstein*, Case No. GV22000408-00 (Va. Gen. Dist. Ct. 2022) (dismissed); *Argenbright v. Garber*, Case No. GV22000613-00 (Va. Gen. Dist. Ct. 2022) (removed to federal court). The government removed the case to this court under 28 U.S.C. §§ 1442(a) and 1446(a). (Dkt. No. 1.) The government subsequently filed a motion to substitute the United States for Garber as the sole defendant in this action (Dkt. No. 7) and provided a certification consistent with the Westfall Act, stating that the alleged incident giving rise to the suit occurred within the scope of Garber's duties as an employee of the United States Trustee's Office. (*Id.* 1–2, 4); 28 U.S.C. § 2679. The court granted that unopposed motion and directed the clerk to restyle the case as Argenbright v. United States of America. (Dkt. No. 8.)

On March 9, 2022, the government moved for a more definitive statement (Dkt. No. 3), and on April 20, 2022, the court ordered Argenbright to respond to that motion within 14 days (Dkt. No. 8). When Argenbright failed to respond, the government moved for involuntary dismissal for failure to prosecute on May 11, 2022. (Dkt. No. 10.)[1] On May 16, 2022, the court issued a *Roseboro* notice informing Argenbright of his right to respond to the motion to dismiss.[2] (Dkt. No. 11.) On May 27, 2022, Argenbright responded to the motion to dismiss (Dkt. No. 12) with over 600 pages of materials, primarily consisting of bare statements, copies of filings from the other warrant-in-debt actions in state court, and a variety of letters and emails, very few of which relate to Garber. The government then moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim (Dkt. No. 15), and the court issued another *Roseboro* notice advising Argenbright of his right to respond—which he has not done.[3]

## II. ANALYSIS

### A. Standard of Review

Argenbright's pro se complaint is entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court is not obliged to become an advocate for the unrepresented party, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As with all plaintiffs, though, a pro se plaintiff must "demonstrate

---

[1] The court will deny this motion as moot given its ruling herein on the government's motion to dismiss for lack of subject-matter jurisdiction.

[2] Courts within the jurisdiction of the Fourth Circuit are required to advise a pro se plaintiff of both his right to file responsive material and the possibility that a failure to respond may result in the court finding against the plaintiff. *See generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] However, the Fourth Circuit has indicated that, even when a motion to dismiss is unopposed, "[a] district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). As such, the court will address the merits of the government's motion.

more than a sheer possibility that a defendant has acted unlawfully," and "articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief." *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013) (quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal when the court lacks subject-matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If he cannot do so, then the court must dismiss his complaint.[4] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## B. Derivative-Jurisdiction Doctrine

The government contends that this court lacks subject-matter jurisdiction under the derivative-jurisdiction doctrine. The court agrees. "The doctrine of derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal." *Palmer v. City Nat. Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007). In other words, under the doctrine, if a state court lacks subject-matter jurisdiction to adjudicate a case, and that case is then removed to federal court, the federal court similarly lacks jurisdiction because, upon removal, the federal court derives its jurisdiction from the state court— even if the federal court would have jurisdiction in a similar suit originally filed there. *See Bullock*

---

[4] "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1)" (as the government does here), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," such as exhibits attached to defendants' motion. *See Evans*, 166 F.3d at 647 (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

*v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012).  In 1985, and again in 2002, Congress amended the general removal statute, 28 U.S.C. § 1441, by abrogating the derivative-jurisdiction doctrine, but only for cases removed under § 1441—leaving § 1442, the federal-officer removal statute, untouched.  Since then, the Fourth Circuit has applied the derivative-jurisdiction doctrine in several cases involving removal under § 1442.  *See Palmer v. City Nat. Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007); *Kasi v. Angelone*, 300 F.3d 487, 504 n.6 (4th Cir. 2002); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999).

The doctrine likewise applies here and precludes the court from exercising jurisdiction over Argenbright's case.  Argenbright originally filed this suit in Roanoke City General District Court.  However, his claim is subject to the Federal Tort Claims Act, which grants "exclusive jurisdiction" to the federal courts over civil actions brought against the United States for monetary damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *See* 28 U.S.C. § 1346(b)(1).  Thus, the state court did not have jurisdiction over Argenbright's claim in the first instance.  Then, the government removed the case to this court pursuant to § 1442, to which the derivative-jurisdiction doctrine still applies.  *See, e.g.*, *Palmer*, 498 F.3d at 239.  As such, although this court might have had jurisdiction over Argenbright's claim were it originally filed here, because this FTCA case began in state court and the government then removed under § 1442, this court now lacks subject-matter jurisdiction.[5]

---

[5] The government alternatively argues that subject-matter jurisdiction is lacking because Argenbright failed to exhaust his administrative remedies and because intentional torts are not cognizable under the FTCA, and further maintains that Argenbright fails to state a claim for relief.  Because the government's derivative-jurisdiction argument alone is sufficient to grant its motion to dismiss for lack of subject matter jurisdiction, the court need not

5

### III.  CONCLUSION

For these reasons, the court will grant the government's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 15), deny as moot the government's motion to dismiss for failure to prosecute (Dkt. No. 9), and dismiss this matter without prejudice.[6]  The court will issue an appropriate order.

Entered: February 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

address the governments alternative jurisdictional arguments or the sufficiency of Argenbright's allegations.

[6] *See, e.g.*, *Bradley v. Johnson & Johnson*, No. 1:12-cv-00092, 2012 WL 1957812, at *3 (E.D. Va. May 30, 2012) ("[A] dismissal for lack of subject matter jurisdiction is not a determination on the merits and must be without prejudice.").